IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JANE DOE,

    Plaintiff,

v.                                Case No:

ASURION INSURANCE SERVICES, INC.,
and NICOLAS ROSARIO,

    Defendants.                 (Jury Trial Requested)

_____/

**COMPLAINT**

Plaintiff, Jane Doe was an employee of Asurion Insurance Services, Inc. ("Asurion") from 2017 until her termination on April 21, 2025.[1] While employed, Ms. Doe was violently sexually assaulted by Operations Manager, Nicolas Rosario, on a work trip in Austin, Texas. After reporting the assault to Asurion, Ms. Doe was taken off of protected leave and placed on PTO while they initiated an investigation. Subsequently, Ms. Doe made an accommodation request and was placed on unpaid leave. Ms. Doe was finally terminated in direct retaliation for the complaint of sexual assault and her accommodation request to receive unpaid medical leave at her medical providers' suggestion. Accordingly, Plaintiff brings this Complaint alleging violations of Title VII of the Civil Rights Act of 1964, the Tennessee Humans Rights Act, Texas Labor Code, Americans with

---

[1] Plaintiff's identity is known to Defendant. Because she is a victim of sexual violence, she is requesting to proceed under a pseudonym pursuant to a separately filed motion. Her counsel will confer with Defendant's counsel first to determine the motion is unopposed.

1

Disabilities Act, and Texas state common law of assault and battery, sexual assault, intentional infliction of emotional distress, and negligent infliction of emotional distress.

## JURISDICTION AND VENUE

1. This is an action for declaratory and monetary relief caused by Defendants' violations under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Tennessee Human Rights Act ("THRA"), T.C.A. § 4-21-101 *et seq.,* Texas Labor Code, the Americans with Disabilities Act 42 U.S.C. § § 12101 *et.seq* ("ADA"), and Texas common law claims of assault and battery, negligent hiring, retention, and supervision, and Tennessee common law claims for intentional infliction of emotional distress, negligent infliction of emotional distress, and negligence.

2. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1343(a)(4), and 1367(a). Venue is proper under 28 U.S.C. § 1391.

3. The relevant events surrounding the sexual assault in this matter took place in Austin, Texas, and decisions were made concerning Ms. Doe's employment in the corporate offices in Nashville, Tennessee.

4. Plaintiff complied with all conditions precedent to the filing of her claims pursuant to Title VII and 42 U.S.C. § 12101 *et seq.,* to wit: charges of discrimination against Defendant was filed with the Equal Employment Opportunity Commission ("EEOC") on December 5, 2025 (Charge 1 - sex, disability, and retaliation) (Tennessee, Charge # 494-2025-00944), and May 23, 2025 (charge 2 - sex, disability and retaliation) (Tennessee, Charge # 494-2025-03386), and February 12, 2025 (charge 3) (Texas, Charge # 451-2025-03467) within 300 days of the unlawful employment practices; the EEOC issued Plaintiff a Notice of Right to Sue for Charge 1 and this action was commenced within 90 days of receipt of Notice of Right to Sue.

5. The Texas Workforce Commission issued a 60-day right to sue for allegations premised on the Texas Labor Code on July 29, 2025.

## PARTIES

6. Jane Doe ("Ms. Doe") was an employee of Defendant Asurion. Ms. Doe is a female. Ms. Doe resides in Casselberry, Florida.

7. Defendant, Asurion, is a Tennessee corporation with an office at 1101 Church Steet, Nashville, TN, 37203. Pursuant to the Tennessee Business website, Asurion's principal office address is 140 11th Ave. N., Nashville, Tennessee 37203. Its Registered Agent is National Registered Agents, Inc., 300 Montvue Rd., Knoxville, Tennessee 37919-5546.

8. Defendant Nicolas Rosario is an individual who was employed by Defendant Asurion.

## FACTUAL BACKGROUND

9. Ms. Doe was hired by Asurion in 2017 in Technical Support. She was promoted to Sales Marketing Manager in October 2019.

10. As part of her job duties, Ms. Doe was required to travel and attend off-site work events. These work events typically involved dinner, alcoholic beverages and trips to various social clubs. Most of these activities were paid for or reimbursed by Asurion.

11. On July 15, 2024, Ms. Doe traveled to Austin, Texas for a work event to visit other store sites.

12. On July 16, 2024, Ms. Doe attended a work dinner with some colleagues including Nicolas Rosario. Mr. Rosario was an Operations Manager and thus had control or input over the terms and conditions of Ms. Doe's employment.

3

13. After dinner, Ms. Doe, Mr. Rosario, and one of the colleagues, the Representative Coach, went to a comedy club. When they got to the club, the Coach got kicked out of the club for showing his private area to the bouncer and was forced to leave early. Ms. Doe remained at the club with Mr. Rosario, and as such, the Coach would have no personal knowledge as to what transpired after he left.

14. On the early morning of July 17, 2024, after leaving the comedy club, Ms. Doe and Mr. Rosario arrived back at the hotel. Mr. Rosairo asked Ms. Doe to have sex with him, and she told him no repeatedly. Mr. Rosario then started a fight with Ms. Doe that resulted in him slapping her. Ms. Doe slapped him back and pushed him away from her.

15. Subsequently, Ms. Doe woke up in Mr. Rosario's hotel room with no memory of what happened. Mr. Rosario was still asleep when Ms. Doe woke up, but she did not wake him. She went back to her room and called her mother.

16. Ms. Doe went to the work site in Austin while Mr. Rosario and others went to the site in San Antonio. When Mr. Rosario and the others came back, they all went to a team lunch.

17. Afterwards, Ms. Doe and Mr. Rosario went back to his room to do a zoom meeting. Mr. Rosario asked Ms. Doe for sex again pulling out his penis and she told him no.

18. Mr. Rosario told Ms. Doe that they had consensual sex; however, Ms. Doe had no memory of this. Mr. Rosario showed Ms. Doe pictures on his phone of her clothes down while on the floor, telling her she was drunk and that she loved every minute of it. Mr. Rosario told Ms. Doe that he put his gun in her mouth, tried to penetrate her anally but couldn't, penetrated her orally and vaginally, and that he had a condom but took it off. Ms. Does immediately returned to her room after the disclosure.

19. Upon her return, Ms. Doe started packing. She went to the hospital to have a sexual assault examination done but was told a police report had to be made before doing so. Ms. Doe filed a police report with the Austin Police Department. Ms. Doe was then referred to the Safe Alliance Forensic Clinic by the officer to have a forensic sexual assault examination performed.

20. On July 18, 2024, Ms. Doe went to the Safe Clinic and had a forensic sexual assault examination and toxicology screening done because she had reason to believe that Mr. Rosario drugged her.

21. During the procedure, Ms. Doe was informed that there was evidence of strangulation and bruising around her neck and back of her ear, bruising on her thighs and legs, and bruising around her vaginal area with swelling.

22. On or around July 18, 2024, Ms. Doe anonymously called Asurion's Compliance hotline and reported the sexual assault as permitted by policy. Ms. Doe did identify Mr. Rosario as the assailant.

23. After completing the forensic sexual assault examination, Ms. Doe flew back home to Florida.

24. Upon information and belief, Asurion had received other complaints of harassment by other males on her team.

25. After getting back home, Ms. Doe requested protected leave under the Family Medical Leave Act ("FMLA").

26. After her complaint and not hearing that Mr. Rosario had been removed from his position, on October 11, 2024, Ms. Doe called the Compliance hotline again but this time she identified herself and reported the sexual assault.

5

27. On October 15, 2024, Ms. Doe received a call from HR associate Eric Beck to discuss her complaint of sexual assault. Mr. Beck informed Ms. Doe that she was being taken off FMLA and was being placed on PTO while they initiated an investigation.

28. Ms. Doe then received a call from General Counsel April Knox, who also informed her she was being taken off FMLA. The Asurion representatives victim-shamed Ms. Doe. Mr. Beck and Ms. Knox made Ms. Doe to feel as if she was to blame for the assault.

29. Ms. Doe requested to remain on paid leave per her physician's orders, but the request was denied.

30. On November 13, 2024, Mr. Rosario was terminated for "engaging in sexual activity" with a colleague during a business trip.

31. After Ms. Doe's accommodation request and complaint of sexual harassment, she was placed on unpaid leave effective November 20, 2024.

32. On December 12, 2024, Ms. Doe applied for short-term disability leave through Prudential.

33. In February 2025, Ms. Doe was notified that her claim had been denied.

34. On April 18, 2025, Ms. Doe received a separation notice indicating that her employment was terminated effective April 21, 2025, due to "exhausted leave."

## COUNT I
**(Texas Labor Code § 21.141 et.seq.- Sexual Harassment Against Rosario and Asurion)**

35. Plaintiff restates and incorporates herein the allegations in the above paragraphs.

36. Plaintiff was subjected to severe sexual harassment consisting of sexual assault in violation of Section 21.141 of the Texas Labor Code.

37. Defendants are liable for the sexually hostile work environment, sexual harassment, and sexual assault perpetrated by Mr. Rosario and is liable for contributing to and failing to remedy the sexual harassment in the workplace.

38. Defendant Asurion knew or should have known of the conduct of Mr. Rosario.

39. As a direct and proximate result of Defendants' unlawful acts, Plaintiff suffered and continues to suffer physical and emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience, and loss of earnings and benefits.

## COUNT II
### (THRA Retaliation)

40. Plaintiff restates and incorporates herein the allegations in the above paragraphs.

41. It is public policy and the laws of the State of Tennessee that employees must be able to exercise their rights under state and federal law without fear of reprisal or penalty from an employer.

42. Contrary to the public policy and the laws of the State of Tennessee, as well as in violation of the Tennessee Human Rights Act, Plaintiff was retaliated against for objecting to and complaining about sexual harassment and assault taking place in the workplace by Defendant's employee.

43. Plaintiff's termination was in retaliation for the exercising of her rights to complain of unlawful behavior, including sexual assault.

44. As a result, Plaintiff has been damaged and is entitled to recover damages for suffering emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience, and loss of earnings and benefits.

## COUNT III

**(Assault and Battery- Rosario and Asurion)**

45. Plaintiff restates and incorporates herein the allegations in the above paragraphs.

46. Mr. Rosario intentionally assaulted and committed battery against Plaintiff.

47. At the time of the assault. Rosario was an agent and employee of Defendant Asurion.

48. Asurion is vicariously liable for the assault perpetuated by Rosario.

49. Plaintiff did not consent to the unwanted assault by Mr. Rosairo.

50. The assault occurred in the course of Plaintiff's job duties which required her to attend an out-of-office gathering where alcoholic beverages were provided, and upon information and belief, paid for or reimbursed by Asurion.

51. The unwanted assault and battery caused Plaintiff emotional and physical harm.

52. As a result, Plaintiff has been damaged and is entitled to recover damages, including, but not limited to, lost wages, physical and emotional distress, consequential damages, punitive damages, cost, interest and any legal and equitable relief to which she may be entitled.

**COUNT IV**
**(Intentional Infliction of Emotional Distress- Tennessee Common Law- Asurion)**

53. Plaintiff restates and incorporates herein the allegations in the above paragraphs.

54. Defendant engaged in extreme and outrageous conduct toward Plaintiff. The assault of Plaintiff was intentional or reckless, outrageous, not conduct tolerated in our society, and intended to and did cause serious physical and mental injury.

55. Defendant intended to cause emotional distress or recklessly disregarded whether Rosario's conduct, the subsequent denial of paid leave to treat the severe trauma Plaintiff endured, the blaming and shaming of Plaintiff and the eventual termination would cause emotional distress.

8

56. Defendant's intentional conduct caused Plaintiff severe emotional and physical injury resulting in damages.

## COUNT V
**(Negligent Infliction of Emotional Distress- Tennessee Common Law- Asurion)**

57. Plaintiff restates and incorporates herein the allegations in the above paragraphs.

58. Defendant engaged in extreme and outrageous conduct toward Plaintiff. The sexual harassment and assault of Plaintiff was negligent, reckless, outrageous, not conduct tolerated in our society, and without regard for and did cause serious physical and mental injury.

59. Defendant negligently caused emotional distress or recklessly disregarded the impact of this trauma on Plaintiff, the subsequent denial of paid leave to treat the severe trauma Plaintiff endured and Defendant perpetuated a culture of victim shaming and blaming which exacerbated the trauma Plaintiff suffered.

60. Defendants' conduct caused Plaintiff severe emotional distress and physical injury resulting in damages.

## COUNT VI
**(Negligent Hiring/Retention/Supervision- Texas Common Law- Asurion)**

61. Plaintiff restates and incorporates herein the allegations in the above paragraphs.

62. Defendant owed a duty of care to Plaintiff.

63. Defendant breached the duty of care when they employed Mr. Rosario as their Operations Manager, as he was unfit for the job and posed an unreasonable risk to Plaintiff.

64. Defendant knew or should have known that Rosario posed a danger in the workplace.

65. Mr. Rosario's violent conduct caused harm to Plaintiff.

66. Defendant is vicariously responsible for Mr. Rosario's conduct.

67. Plaintiff suffered damages as a result of Defendant's conduct.

## COUNT VII
### (Violation of ADA/ADAAA-Disability Discrimination - Asurion)

68. Plaintiff restates and incorporates herein the above paragraphs in their entirety.

69. Plaintiff is a qualified individual with a disability because she suffers from a mental health condition which impacts her major life activities of working, concentrating, and sleeping, among others.

70. After Plaintiff disclosed her disability, she was treated in a discriminatory manner.

71. Plaintiff was eventually terminated because of her disability and the time off from work she was required to take to manage her disability.

72. Due to Defendant's discriminatory act, Plaintiff has suffered damages.

## COUNT VIII
### (Violation of ADA/ADAAA- Failure to Accommodate- Asurion)

73. Plaintiff restates and incorporates herein the above paragraphs in their entirety.

74. Pursuant to the ADAAA, an individual is considered to have a disability if she has a physical or mental impairment that substantially limits one or more major life activities, has a record of such an impairment, or is regarded as having such impairment.

75. Plaintiff was a qualified individual with a disability because she suffered from a mental health disability as a result of the traumatic and violent assault she suffered in July 2024.

76. Plaintiff was eventually terminated because of her request for an accommodation.

77. Plaintiff was discriminated against and terminated because of her disability and request for a reasonable accommodation.

78. Defendant failed to engage in a good faith interactive process.

79. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

80. As a result, Plaintiff is entitled to recover her damages, including actual damages, lost wages and benefits, compensatory damages, attorneys' fees, costs, interest, loss of future earning capacity due to the break in her employment history, reinstatement, front pay and benefits, and any other legal and equitable relief to which she may be entitled.

## COUNT IX
### (Violation of ADAAA-Retaliation- Asurion)

81. Plaintiff restates and incorporates herein the foregoing paragraphs.

82. Plaintiff is a qualified individual with a disability.

83. Plaintiff requested a reasonable accommodation to take paid leave, as provided by Defendant's policy, to address her mental health.

84. Because of her request for reasonable accommodation, she was subsequently placed on unpaid leave and eventually terminated.

85. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

86. As a result, Plaintiff is entitled to recover her damages, including actual damages, lost wages and benefits, compensatory damages, attorneys' fees, costs, interest, loss of future earning capacity due to the break in her employment history, reinstatement, front pay and benefits, and any other legal and equitable relief to which she may be entitled.

## COUNT X
### (Title VII - Sexual Harassment- Asurion)

87. Plaintiff restates and incorporates herein the allegations in the above paragraphs.

88. Plaintiff was subjected to severe and pervasive sexual harassment consisting of sexual assault by a supervisor at a work-sponsored function because of her sex, female.

89. Defendant is liable for the sexually hostile work environment, sexual harassment, and sexual assault perpetrated by its supervisor Rosario.

90. Defendant knew or should have known that its employee, Rosairo, was creating a sexually hostile work environment because on information and belief, he had harassed other employees.

91. Defendant is vicariously liable for the sexual harassment perpetuated against Plaintiff and is liable for failing to remedy the sex harassment in the workplace in a prompt and effective manner.

92. Because Plaintiff was suffered a tangible employment action when Defendant terminated her employment as a result of the sexual harassment and her complaints of the same, Defendant cannot avail itself the affirmative defense that it took prompt and effective remedial action.

93. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience, and loss of earnings and benefits.

## COUNT XI
### (Title VII Retaliation- Asurion)

94. Plaintiff restates and incorporates herein the allegations in the above paragraphs.

95. It is public policy and federal law that employees must be able to exercise their rights under federal law without fear of reprisal or penalty from an employer.

96. Contrary to the public policy and federal law, as well in violation of Title VII, Plaintiff was retaliated against for objecting and complaining about sexual harassment and assault taking place in the workplace by Defendant's employee.

97. Plaintiff's termination was in retaliation for the exercising of her rights to complain of unlawful behavior, including sexual assault.

98. As a result, Plaintiff has been damaged and is entitled to recover damages for suffering emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience, and loss of earnings and benefits.

WHEREFORE, premises considered, Plaintiff prays for the following relief:

A. Judgment against Defendants for violations of law, including a declaration that Defendants violated Plaintiff's civil rights;

B. Monetary award of damages for Back Pay and Front Pay, past and future lost wages and benefits;

C. Monetary damages for physical and psychological pain and suffering, both past and future, and emotional suffering and grief, both past and future;

D. Health care expenses both past and future;

E. Permanent injuries and physical and mental impairment;

F. Loss of enjoyment of life;

G. Pre- and post-judgment interest;

H. Compensatory Damages;

I. Punitive Damages;

J. Attorney's fees and costs and expenses of the action;

K. All other legal and equitable relief to which Plaintiff shows she is entitled, and which is just and proper; and

L. A jury trial.

Respectfully submitted,

HMC CIVIL RIGHTS LAW, PLLC


*/s/ Heather Moore Collins*
Heather Moore Collins BPR# 026099
Ashley Shoemaker BPR #037651
Lucia Izzolo BPR# 042496
HMC Civil Rights Law PLLC
7000 Executive Center Drive, Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@hmccivilrights.com
ashley@hmccivilrights.com
lucia@hmccivilrights.com
*Attorneys for Plaintiff*